154 So.2d 16

Roger C. MORRISON

v.

Ray MULLINS, Personnel Director, et al.

6 Div. 962.

Supreme Court of Alabama.

May 30, 1963.

Jas. M. Jolly and J. Rush Lester, Birmingham, for appellant.

W. Gerald Stone, Bessemer, for appellees.

MERRILL, Justice.

This is an appeal from an order dissolving a temporary injunction.

Appellant filed a bill against Ray Mullins, as Personnel Director, and against the three members of the Personnel Board of Jefferson County, seeking a temporary injunction to prohibit the Personnel Board from giving an examination for the position of Deputy Coroner of Jefferson County until they

granted appellant permission to .take the examination. The director had refused his application to take the examination because he did not meet the qualification of "at least two years of experience in some phase of law enforcement work." Appellant maintained that he did meet this qualification.

The application for temporary injunction was presented to a circuit judge on January 14, 19€3, and was denied. Appellant then came before four justices of this court on January 15th and they enjoined the personnel director from conducting the scheduled examination on January 16th, pending a final hearing, unless appellant was permitted to take the examination.

Appellees filed a motion on January 29th to dissolve the temporary writ of injunction and the motion was supported by a sworn answer, exhibits and affidavits of Mullins and Bradley Brown, as Director of the Department of Revenue of Jefferson County. Testimony was taken in the circuit court on the 12th and 13th of February, at which time, the court dissolved the temporary injunction on the sole ground that appellant was required to resort to and exhaust his administrative remedy as a condition precedent to judicial intervention, "and it not appearing that such would have been unavailing and futile."

Appellees have filed a motion to dismiss the appeal. The motion alleges that since this court and the circuit court had indicated in their orders that appellant's application showed that he had at least two years of experience in some phase of law enforcement work, the solicitor for appellees advised the director to cancel the examination based upon that requirement, and to change the requirement to at least two years of experience as a criminal law enforcement officer in a federal, state, county or municipal police department, because it was this type of experience that was sought rather than experience as sanitary or revenue or building or barber shop inspectors, who could be included in the broad term of "some . phase of law enforcement work."

This new. requirement was adopted by the board and a new. examination . was scheduled. Appellant has not sought to. qualify for the rescheduled examination. It is also shown that over twenty applicants who qualified for the original examination are qualified to take the rescheduled examination.

The test, when a motion is made to dismiss an appeal because the right to an injunction, if it ever existed, has become moot, is whether the event which occurred pending appeal makes a determination of the appeal unnecessary, or renders it impossible for the appellate court to grant effectual relief. Williams v. Wert, 259 Ala. 557, 67 So.2d 830, and cases there cited.

It is not disputed that the board intended that the applicants should have two years experience in criminal law enforcement. The board had the right to clarify the requirement just as it would have had if the notice of qualifications had called for one year's experience when they intended two years as a minimum. The calling of the new examination with different qualifications was not arbitrary or unreasonable, and such action now makes a determination of this appeal unnecessary and renders it impossible for us to grant effectual relief because we could only order appellees to permit appellant to take an examination for which he has not applied, and possibly for which he was not qualified.

We have held that if an event happening after hearing and decree in circuit court, but before appeal is taken, or pending appeal, makes determination of the appeal unnecessary or renders it clearly impossible for the appellate court to grant effectual relief, the appeal will be dismissed. McDonald v. Lyle, 270 Ala. 715, 121 So.2d 885; State ex rel. Lloyd v. Morris, 262 Ala. 432, 79 So.2d 431; Gaines v. Malone, 242 Ala. 595, 7 So.2d 263. The authorities cited, supra, require that we dismiss the appeal because the question has now become moot.

We do not know whether appellant can or will apply to take the new examination. We do think that he should be given an opportunity to apply, and if the director rules that he is disqualified, he should be notified of the disqualification sufficiently early in time to permit him to exhaust his administrative remedy before the date set for the examination.

We think the costs of this appeal should be, and they are, assessed against appellees.

*Motion to dismiss appeal granted.*

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.