622 So.2d 907 (1993)
Richard LUCAS and Frank Calvert
v.
ALFA MUTUAL INSURANCE COMPANY.
1920087.
Supreme Court of Alabama.
June 18, 1993.
*908 C. Harry Green of Green, Wood, Howell & Glenn and Jerry Guyton of Vinson & Guyton, Hamilton, for appellants.
Steve A. Baccus of Almon, McAlister, Ashe, Baccus & Tanner, Tuscumbia, for appellee.
PER CURIAM.
Richard Lucas and Frank Calvert, the defendants, appeal from a summary judgment in favor of the plaintiff, Alfa Mutual Insurance Company ("Alfa"). Alfa had sued Lucas and Calvert for a declaratory judgment to determine its obligations under an automobile insurance policy issued to Lucas. We affirm.
The issue presented on appeal is whether Alfa was entitled to a judgment because of a policy exclusion for injuries "caused by racing."
Underlying this case are the following facts: On August 26, 1990, Lucas and Calvert were talking with friends in the Hardee's restaurant parking lot in Hamilton, Alabama. Oliver Franklin drove up, and someone suggested an automobile race between Franklin and Lucas; the two men left the parking lot and lined up their cars at a traffic light and raced back to the Hardee's parking lot when the light turned green. Both cars slowed after reaching the Hardee's parking lot and stopped in the parking lot of a convenience store. The drivers exited their cars, but after several minutes of conversation, each of them got back in his own car. Calvert got in the car with Lucas. Franklin drove into the road first and stopped. Lucas then drove into the road and stopped about three car lengths behind Franklin. A passenger in Franklin's car hollered something out the window and Franklin took off. Immediately, Lucas took off and tried to catch Franklin. Lucas wrecked his car as he attempted to maneuver it through a curve at a speed of 85 to 90 miles per hour. (C.R. 63). Calvert was severely injured; he sued Lucas for damages based on his injuries.
Pursuant to Ala.R.Civ.P. 56(c), a summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and *909 that the moving party is entitled to a judgment as a matter of law." The burden of establishing that there is no genuine issue of material fact is on the movant. Berner v. Caldwell, 543 So.2d 686, 688 (Ala. 1989). If the movant makes a prima facie showing of the absence of a genuine issue of material fact, then the burden shifts to the nonmovant to rebut the prima facie showing of the movant. In order to rebut such a prima facie showing, the nonmovant must show "substantial evidence" that creates a genuine issue of material fact. Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The applicable policy exclusion reads as follows:
"We do not provide liability coverage for: Any bodily injury or property damage if the injury or damage is caused by a car race or a competitive test including informal racing on streets and highways."
Defendants contend that there exists a fact question as to whether "racing" caused the accident.
After thoroughly reviewing the record, we agree that the defendants offered no substantial evidence to rebut Alfa's prima facie showing that racing caused Calvert's injuries.
AFFIRMED.
HORNSBY, C.J., and SHORES, ADAMS and KENNEDY, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring specially).
The per curiam opinion does not address the public policy argument made by Lucas and Calvert. In Alabama Farm Bureau Mutual Casualty Insurance Co. v. Goodman, 279 Ala. 538, 188 So.2d 268 (1966), this Court held that the following exclusion in a liability insurance policy was not inconsistent with public policy and was unambiguous and capable of only one reasonable construction:
"`This insurance does not apply under:
"`. . . .
"`(m) any of the coverages, if the injury or damage is caused by an automobile race or competitive speed test; * * *'"
In spite of Lucas and Calvert's insistence that the language in Goodman is not nearly so broad as the language in the policy at issue ("if the injury or damage is caused by a car race or a competitive test including informal racing on streets and highways"), I am persuaded that the language is so similar that we would have to overrule Goodman in order to reverse the judgment in this case, for I cannot distinguish Goodman from this case. In Goodman, this Court wrote:
"It is elementary that when an insurance company writes an exclusion in a liability policy it intends to limit or exclude a risk. The risk sought to be excluded here was an `automobile race or competitive speed test.' These words express excessive speed and an increased risk and situations in which an automobile is not usually found or entered by the ordinary owner or driver."

279 Ala. at 541, 188 So.2d at 270. (Emphasis added.) This Court held that it did not violate public policy for an insurance company to exclude that risk. To me, the risk sought to be excluded by the language of the policy in this case appears to be the same risk involved in Goodman.
"In the absence of statutory provisions to the contrary, insurance companies have the right to limit their liability and write policies with narrow coverage. United States Fidelity & Guaranty Co. v. Bonitz Insulation Co. of Alabama, 424 So.2d 569, 573 (Ala.1982)."
Johnson v. Allstate Insurance Co., 505 So.2d 362, 365 (Ala. 1987).