This appeal arises from the trial court's refusal to enjoin the Mobile County Commission from awarding a public works contract to Harmon Contract W.S.A., Inc. Masonry Arts, Inc., according to its complaint, "[brought] this action to enjoin the letting or execution of the curtainwall contract as a citizen of the State of Alabama pursuant to § 39-5-5 of the Code of Alabama (1975), and as a bona fide unsuccessful bidder pursuant to § 41-16-61 of the Code of Alabama (1975)." After a hearing at which it heard oral testimony, the trial court specifically found that the defendants had not violated the Alabama Competitive Bid Law (§ 41-16-27, Ala. Code 1975) and that Masonry Arts was not entitled to the injunctive relief sought. After the trial court's decision, the County executed the contract and Harmon began performance.
Masonry Arts filed a notice of appeal with this Court; however, it did not request a stay of execution of the trial court's order pending appeal. The County and Harmon argue that, because the contract has been awarded and executed, the appeal is moot. We agree; therefore, we dismiss the appeal. *Page 335 
The sole relief sought by Masonry Arts was an injunction against the County and Harmon to prevent the execution of the contract. After the trial court held that the County had not violated the competitive bid law in awarding the contract to Harmon and denied the request for a permanent injunction against the execution of the contract, the County and Harmon executed the contract and Harmon began work. The trial court's order was not superseded by the appeal, because Masonry Arts did not seek a stay of the trial court's judgment pending appeal. See Rule 8, Ala.R.App.P.
The action is moot because the trial court is no longer capable of granting the injunction requested by Masonry Arts.See Morrison v. Mullins, 275 Ala. 258, 259, 154 So.2d 16, 18
(1963) (an appeal will be dismissed as moot "if an event happening after hearing and decree in circuit court, but before appeal is taken, or pending appeal, makes determination of the appeal unnecessary or renders it clearly impossible for the appellate court to grant effectual relief"); see also City ofApalachicola v. Board of County Commissioners of FranklinCounty, 567 So.2d 22, 22-23 (Fla.Dist.Ct.App. 1990); Wagnerv. Boggess Coal Supply Co., 57 Ohio Law Abs. 270, 272, 94 N.E.2d 64, 65 (App. 1950). The record reveals that Masonry Arts clearly limited its request for relief to a request that the trial court enjoin the execution of the curtainwall contract, and, in oral argument before this Court, Masonry Arts conceded that its request for injunctive relief to prevent the execution of the curtainwall contract was moot. Therefore, we dismiss this appeal as moot.
APPEAL DISMISSED AS MOOT.
MADDOX, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
KENNEDY, J., concurs in the result.