669 So.2d 839 (1995)
William David GROSS, Jr., and Conde Systems, Inc.
v.
QMS, INC.
1940330.
Supreme Court of Alabama.
September 1, 1995.
Rehearing Denied November 3, 1995.
E.J. Sadd of Crosby, Saad, Beebe, Crump & Hood, P.C., Mobile, for Appellants.
Louis E. Braswell, Caine O'Rear III and Roxanne W. Lavenue of Hand, Arendall, Bedsole, Greaves & Johnston, L.L.C., Mobile, for Appellee.
SHORES, Justice.
William David Gross, Jr., a former employee of QMS, Inc., sued QMS for payment of compensation he claimed was due him.[1] *840 QMS, Inc. counterclaimed for specific performance of covenants in Gross's employment contract and joined his company, Conde Systems, Inc., as a counterclaim defendant.
This is the second time this case has been before the Court. In 1992 the trial court issued a preliminary injunction enjoining Gross and Conde Systems from competing with QMS, Inc. In Gross v. QMS, Inc., 613 So.2d 331 (Ala.1993), we held that the trial court did not abuse its discretion in granting the preliminary injunction. We specified in the opinion:
"A proper interpretation of the provisions of Gross's employment contract with QMS and any other substantive issues involving the merits of the case below are matters to be decided by the trial court."
Id. at 332.
The trial judge granted QMS's motion under Rule 42, A.R.Civ.P., for separate trials of the legal issues presented by Gross's complaint and QMS's injunctive claims against Gross and Conde. On March 9, 1994, the jury returned a verdict in favor of Gross in the amount of $70,000 on his claim for damages for breach of contract. The trial court entered a judgment on that verdict. On October 20, 1994, the trial court entered a permanent injunction in favor of QMS, Inc., and against Gross and Conde Systems; that injunction prohibited Gross and Conde Systems from selling printers and printer accessories in the continental United States until January 7, 1995.
Gross and Conde Systems appealed on November 21, 1994. QMS, Inc., did not cross-appeal from the judgment based on the jury's verdict in favor of Gross.
This appeal is moot, because the sole relief sought by Gross and Conde Systems is a reversal of the permanent injunction of October 20, 1994that injunction expired on January 7, 1995. Any action by this Court now can not affect that permanent injunction. "[A]n appeal will be dismissed as moot `if an event happening after hearing and decree in circuit court, but before appeal is taken, or pending appeal, makes determination of the appeal unnecessary or renders it clearly impossible for the appellate court to grant effectual relief." Masonry Arts, Inc. v. Mobile County Commission, 628 So.2d 334 (Ala. 1993), quoting Morrison v. Mullins, 275 Ala. 258, 259, 154 So.2d 16 (1963). Accordingly, we dismiss this appeal as moot.
APPEAL DISMISSED AS MOOT.
ALMON, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.
MADDOX and HOUSTON, JJ., concur specially.
HOUSTON, Justice (concurring specially).
The issues raised by William David Gross, Jr., and Conde Systems, Inc., have not been settled by this judicial opinion, so this opinion has no precedential value in other cases in which those issues may be presented. The appeal is dismissed as moot; and, although this case is over, the issues raised are unsettled and are not decided by this judicial decision.
MADDOX, J., concurs.
NOTES
[1] Walter Neil Armentrout also sued. He later disassociated himself from Gross and Conde Systems, Inc., and dismissed his claims against QMS with prejudice.