The plaintiff, Louis Hatch, appeals from a summary judgment entered in favor of the defendant, Health-Mor, Inc., on his claims related to his purchase of a vacuum cleaner manufactured by Health-Mor.
Among the claims Hatch asserted was a claim alleging a civil conspiracy to defraud. As to this claim, Hatch does not contend that Health-Mor is vicariously liable for the actions of co-defendants, with whom Hatch had dealt directly in buying the vacuum cleaner, but that Health-Mor is liable in its own stead as a co-conspirator of those defendants.
Health-Mor's motion for summary judgment related only to claims based on the doctrine of respondeat superior. We agree with Health-Mor that the civil conspiracy claim was not properly before the trial court when it ruled on the summary judgment motion, but not, as Health-Mor contends, because Hatch failed to produce evidence on the claim. Simply stated, in responding to the summary judgment motion, Hatch was under no burden to produce evidence to support that claim, because Health-Mor's motion did not relate to that claim.
Hatch does not dispute that as to his other claims, the trial court properly entered the summary judgment in favor of Health-Mor. Accordingly, as to those claims we affirm. However, we agree with Hatch that it was error for the trial court to enter a summary judgment as to all of his claims, because one claim, the claim alleging a civil conspiracy to defraud, was not before the trial court on the summary judgment motion. As to that claim, the summary judgment is reversed. See Henson v.Mobile Infirmary Ass'n, 646 So.2d 559, 562 (Ala. 1994); Parr v.Goodyear Tire and Rubber Co., 641 So.2d 769 (Ala. 1994).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES, and COOK, JJ., concur. *Page 1133