ROBERTSON, Presiding Judge.
On March 23, 1988, the Palmers borrowed money to finance the purchase of lot 59 in the Meadow Brook Subdivision in Shelby County, Alabama. They executed a note and a mortgage in favor of First Security Mortgage Corporation. On March 30, 1988, the note and mortgage were assigned to Andrew Jackson Savings and Loan Association, which assigned the note and the mortgage to Sun-Bank and Trust Company on May 17, 1994. On May 5,1995, SunBank filed a complaint in the Shelby County Circuit Court, alleging a breach of contract claim and seeking a statutory ejectment order. SunBank sought possession of the property and sought damages, pursuant to § 6-6-280, Ala.Code 1975; a judicial sale of the property; the declaration of an equitable mortgage; and foreclosure of the equitable mortgage. On June 21, 1995, the Palmers answered, alleging that the mortgage instrument violated § 5-19-1 et seq., Ala.Code 1975. On March 21, 1996, SunBank filed a motion for summary judgment, along with a narrative statement of the undisputed facts, and supporting documents. *153 On April 26, 1996, the Palmers filed a statement in opposition to SunBank’s motion.
Following a hearing on SunBank’s motion, the trial court entered an order on July 11, 1996, finding, among other things, that the Palmers had executed a valid mortgage on the property, that SunBank had been assigned that mortgage, that the Palmers had been in default of the mortgage since September 1993, and that SunBank had acquired legal title to the property through the assignment of the mortgage. The trial court directed the Palmers to allow, within 10 days from the entry of the order, a Bank representative to enter the premises and videotape the interior and exterior of the house situated on lot 59. Pursuant to the ejectment claim, the trial court ordered the Palmers to surrender possession of the property and to vacate the premises within 10 days of the entry of the order. The trial court also set hearings on the issue of damages and the amount due under the mortgage. The Palm-ers appealed to the Alabama Supreme Court, purportedly pursuant to Rule 4(a)(1)(A), Ala. R.App.P.; that court transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975.

I. Injunction

“An appeal will be dismissed as moot ‘if an event happening after hearing and decree in circuit court, but before appeal is taken, or pending appeal, makes determination of the appeal unnecessary or renders it clearly impossible for the appellate court to grant effectual relief.’ ” Masonry Arts, Inc. v. Mobile County Commission, 628 So.2d 334, 335 (Ala.1993) (quoting Morrison v. Mullins, 275 Ala. 258, 259, 154 So.2d 16, 18 (1963)).
The injunction issue is moot, because the injunction directing the Palmers to allow a SunBank representative to enter the house on the subject property was not stayed or superseded and was effective for the 10-day period that the Palmers were entitled to remain in possession of the property pursuant to the July 11,1996, order. Accordingly, the Palmers’ appeal of the injunction is due to be dismissed.

II. Ejectment

It is well settled that an appeal will lie only from final orders or judgments, unless otherwise provided by statute. § 12-22-2, Ala.Code 1975; Dees v. State, 563 So.2d 1059 (Ala.Civ.App.1990).[1] Where there is no appealable order, this court has no choice but to dismiss the appeal. Peeks v. Peeks, 602 So.2d 906 (Ala.Civ.App.1992).
That portion of the July 11, 1996, order ejecting the Palmers from the property is not an “interlocutory order granting, continuing, modifying, refusing, or dissolving an injunction, or refusing to dissolve or modify an injunction.” Rule 4(a)(1)(A), Ala.RApp.P. The law is settled that the equitable remedy of injunction is distinct from the legal action of ejectment. Karrh v. Willis, 544 So.2d 921 (Ala.1989); Pelzer Homes, Inc. v. Alabama Power Co., 475 So.2d 558 (Ala.1985); and Lee v. Jefferson, 435 So.2d 1240 (Ala.1983). Further, the order of ejectment awarding possession without addressing the pending damages claim is not a final appealable order under Ala.Code 1975, § 12-22-2. Vestavia Country Club v. Armstrong, 271 Ala. 294, 123 So.2d 130 (1960). See also MacMillan Bloedell, Inc. v. Ezell, 475 So.2d 493 (Ala.1985). Therefore, that portion of the order ejecting the Palmers from the subject property is not appealable, and this appeal is due to be dismissed.
APPEAL DISMISSED.
YATES, MONROE, and CRAWLEY, JJ., concur.

. Dees miscites § 12-22-20 for this proposition.
See 563 So.2d at 1060.