The plaintiffs, who are jailers or supervisors at the Montgomery County Detention Facility ("the jail"), appeal a summary judgment for the defendant Sheriff D.T. Marshall, the sheriff of Montgomery County ("the sheriff"). We affirm the summary judgment in part and dismiss the appeal in part.
 Procedural Facts
Before bringing the present lawsuit, the plaintiffs sued the sheriff and the Montgomery County Commission ("the Commission") in federal court. The plaintiffs claimed they were owed overtime compensation by the sheriff and the Commission. The plaintiffs asserted claims for violation of the Fair Labor Standards Act ("FLSA") and for breach of contract. Concluding that theEleventh Amendment to the United States Constitution immunized the sheriff against liability under the FLSA, the federal court dismissed the FLSA claims against the sheriff with prejudice. Concluding that the Commission was not the plaintiffs' "employer" under the FLSA, the federal court likewise dismissed the FLSA claims against the Commission with prejudice. The federal court dismissed the breach-of-contract claims against both the sheriff and the Commission without prejudice.
The plaintiffs then brought the present lawsuit against the sheriff "in his official and/or individual capacity as Sheriff of Montgomery County, Alabama" and against the Commission in the Montgomery Circuit Court. The plaintiffs asserted claims against the sheriff and the Commission on these theories: (1) breach of contract grounded on the alleged nonpayment of compensation for overtime, (2) quantum meruit grounded on the alleged nonpayment of compensation for overtime, (3) breach of contract grounded on an increase in the duration of the plaintiffs' shifts from 8 hours to 12 hours, (4) "retaliation" grounded on the increase in the plaintiffs' shifts, and (5) "discrimination" grounded on the increase in the plaintiffs' shifts. The plaintiffs sought monetary and injunctive relief.
The sheriff, "in his official capacity as Sheriff of Montgomery County, Alabama" only and the Commission moved for summary judgments. In moving for summary judgment, the sheriff not only challenged the merits of the plaintiffs' claims but also asserted the affirmative defense of State immunity.[1] The Commission challenged the merits of the plaintiffs' claims.
The trial court entered summary judgment for the sheriff on all of the plaintiffs' *Page 328 
claims. Although the sheriff had moved for summary judgment in only his official capacity, the summary judgment for the sheriff was not limited to the claims against the sheriff in his official capacity. The trial court entered summary judgment for the Commission on all of the plaintiffs' claims except the plaintiffs' claims for breach of contract and quantum meruit grounded on the alleged nonpayment of compensation for overtime. On motion by the plaintiffs, the trial court certified the summary judgment for the sheriff as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.
The order granting the sheriff's summary-judgment motion held that State immunity immunized the sheriff from liability for money damages on the claims for: (1) breach of contract grounded on the alleged nonpayment of compensation for overtime, (2) quantum meruit grounded on the alleged nonpayment of compensation for overtime, and (3) breach of contract grounded on the increase in the length of the plaintiffs' shifts. On the ground that the sheriff's evidence had shifted the burden to the plaintiffs to produce substantial evidence establishing a genuine issue of material fact and the plaintiffs had not met that burden of production, the summary-judgment order further held that the sheriff was entitled to summary judgment on all of the plaintiffs' claims insofar as they sought injunctive relief and on the plaintiffs' claims for "retaliation" and "discrimination" insofar as they sought money damages. The order certifying the summary judgment for the sheriff as a final judgment pursuant to Rule 54(b) stated that "the Court finds there is no just reason for delay and further directs that a judgment be entered pursuant to Rule 54(b), [Ala. R. Civ. P.,] with respect to the completegrant of immunity to Defendant the Montgomery County Sheriff onall the Plaintiffs' claims." (Emphasis added.) The plaintiffs appealed only the judgment for the sheriff.[2]
 Substantive Facts
In reviewing a summary judgment, the appellate court must accept the tendencies of the evidence most favorable to the nonmoving party and must resolve all reasonable factual doubts in favor of the nonmoving party. Bruce v. Cole, 854 So.2d 47, 54
(Ala. 2003). With the tendencies of the evidence most favorable to the plaintiffs accepted and all reasonable factual doubts resolved in the plaintiffs' favor, the record establishes the following.
While the sheriff appointed the persons who were employed at the jail and directed them in their work, the Commission paid those persons with county funds. The application, appointment, and payment process functioned in the following manner.
The Commission authorized the number of employees who could be hired to work at the jail. When a vacancy occurred in a position at the jail, the sheriff was required to obtain the permission of the Commission to fill the vacancy. The Montgomery City-County Personnel Board ("the Personnel Board"), created by Act No. 2280, Ala. Acts 1971, then prepared a job description for the vacant position, published an announcement of the vacancy, took applications for the vacancy, and administered a competitive examination to the applicants. The Personnel Board then compiled a register of qualified applicants for the vacant position. The Personnel Board sent the sheriff a list of *Page 329 
the top five applicants on the register. The sheriff appointed one of the five applicants to fill the vacancy. The sheriff certified the new hire to the finance department of the Commission, and the finance department paid the new hire with county funds appropriated by the Commission. The sheriff then directed the new employee in the performance of his or her duties at the jail.
Pursuant to Ala. Act No. 2280, the Personnel Board promulgated and published rules and regulations. These rules and regulations included the pay plan applicable to all merit system employees paid by the Commission. Thus, these rules and regulations, including the pay plan, applied to persons who worked at the jail. Rule VIII of the rules and regulations of the Personnel Board governed the overtime compensation due persons who worked at the jail.
In January 2000, the sheriff changed the shifts for jailers and supervisors at the jail from 8 hours to 12 hours each. However, the plaintiffs concede in brief on appeal that the sheriff restored the shifts from 12 hours to 8 hours each in June 2002. (Appellants' Brief at p. 35 n. 1.)
 Issue
The plaintiffs have framed only one issue for review on appeal:
 "Whether the Montgomery County Sheriff is immune from suit pursuant to Article I, Section 14, Constitution of Alabama 1901, where the complaint alleges facts and circumstances and the evidence tends to show Defendant Sheriff's actions in this case fall under exceptions to the immunity law?"
(Appellants' Brief at p. 4.)
Law
 "`Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala. R. Civ. P., and Dobbs v. Shelby County Econ. Indus. Dev. Auth., 749 So.2d 425 (Ala. 1999). The court must accept the tendencies of the evidence most favorable to the nonmoving party and must resolve all reasonable doubts in favor of the nonmoving party. System Dynamics Int'l, Inc. v. Boykin, 683 So.2d 419 (Ala. 1996). "[W]here the evidence is in conflict, the issue must [be tried to the fact-finder]." Kitchens v. Winn-Dixie Montgomery, Inc., 456 So.2d 45, 47
(Ala. 1984). In reviewing a summary judgment, an appellate court, de novo, applies the same standard as the trial court. Dobbs, supra.'
"Bruce v. Cole, 854 So.2d 47, 54 (Ala. 2003).
 "The party moving for summary judgment bears `"the burden of production, i.e., the burden of making a prima facie showing that he is entitled to summary judgment."' Ex parte General Motors Corp., 769 So.2d 903, 909 (Ala. 1999) (quoting Berner v. Caldwell, 543 So.2d 686, 691 (Ala. 1989) (Houston, J., concurring specially)).
 "`"The manner in which the movant's burden of production is met depends upon which party has the burden of proof . . . at trial. If the movant has the burden of proof at trial, the movant must support his motion with credible evidence, using any of the materials specified in Rule 56(c), [Ala.] R. Civ. P. (`pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits'). The movant's proof must be such that he would be entitled to a [judgment as a matter of law] if this evidence was not controverted at trial."' *Page 330 
 "Ex parte General Motors, 769 So.2d at 909 (quoting Berner, 543 So.2d at 691 (Houston, J., concurring specially)). If the movant meets his burden of production by making a prima facie showing that he is entitled to a summary judgment, `then the burden shifts to the nonmovant to rebut the prima facie showing of the movant.' Lucas v. Alfa Mut. Ins. Co., 622 So.2d 907, 909 (Ala. 1993).
 "`In order to rebut such a prima facie showing, the nonmovant must show "substantial evidence" that creates a genuine issue of material fact. Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance of Florida, 547 So.2d 870, 871 (Ala. 1989).'
"Id."
American Gen. Life Accident Ins. Co. v. Underwood,886 So.2d 807, 811-12 (Ala. 2004).
In Parker v. Amerson, 519 So.2d 442, 442-43 (Ala. 1987), this Court held:
 "A sheriff is not an employee of a county for purposes of imposing liability on the county under a theory of respondeat superior. A sheriff is an executive officer of the State of Alabama, who is immune from suit under Article I, § 14, Alabama Constitution of 1901, in the execution of the duties of his office, except for actions brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute. . . ."
A suit against a sheriff in his official capacity is essentially a suit against the State. Parker v. Amerson, 519 So.2d at 445.
Section 14-6-105, Ala. Code 1975, provides, in pertinent part:
 "Prisoners shall not be confined in any jail or prison in this state when such jail is not provided with a deputy, watchman or attendant. . . . The sheriff, in case of a county jail, . . . shall appoint, direct and control said deputy, watchman or guard, and the county commission . . . shall fix a reasonable salary and the same shall be paid out of the funds of the county. . . ."
This Court will dismiss an appeal from the denial of an injunction when an event occurring after the denial of the injunction renders the appeal moot. Masonry Arts, Inc. v. MobileCounty Comm'n, 628 So.2d 334, 335 (Ala. 1993).
 Analysis
The sheriff moved for summary judgment in only his official capacity. Accordingly, insofar as the plaintiffs asserted claims against the sheriff in his individual capacity, the sheriff's motion failed to challenge those claims. Yet, the summary judgment entered by the trial court for the sheriff was not limited to the claims against the sheriff in his official capacity.
Since the sheriff's motion did not challenge the plaintiffs' claims against the sheriff in his individual capacity, the motion did not meet the initial burden of the sheriff in his individual capacity, that is, "`the burden of production, i.e., the burden of making a prima facie showing that he is entitled to summary judgment.'" Ex parte General Motors Corp., 769 So.2d 903, 909
(Ala. 1999) (quoting Berner v. Caldwell, 543 So.2d 686, 691
(Ala. 1989) (Houston, J., concurring specially)). However, the record *Page 331 
before us does not reveal whether the plaintiffs objected to the trial court in a timely postjudgment Rule 59(e), Ala. R. Civ. P., motion that the trial court erred in failing to limit the summary judgment to the claims against the sheriff in his official capacity, see Hatch v. Health-Mor, Inc., 686 So.2d 1132, 1132
(Ala. 1996) ("[I]t was error for the trial court to enter a summary judgment as to all of [the plaintiff's] claims, because one claim . . . was not before the trial court on the summary judgment motion"), and Henson v. Mobile Infirmary Ass'n,646 So.2d 559, 562 (Ala. 1994) ("[W]e observe at the outset that the trial court could not properly enter the summary judgment as to all of [the plaintiff's] claims. Counts one and two . . . were not before the trial court on the [defendant's] motion"). Such a Rule 59(e) motion would have been necessary to preserve such an objection for an appeal "because this issue [did] not involve a question of law that ha[d] been the subject of a previous objection and ruling." McKenzie v. Killian, 887 So.2d 861, 865
(Ala. 2004). Similarly, the plaintiffs have not presented or argued in brief on appeal the issue whether the trial court erred in entering summary judgment on the claims against the sheriff in his individual capacity in the absence of a challenge to those claims in his summary-judgment motion. Accordingly, we do not consider that issue. Tucker v. Cullman-Jefferson Counties GasDist., 864 So.2d 317, 319 (Ala. 2003) ("`An appeals court will consider only those issues properly delineated as such, and no matter will be considered on appeal unless presented and argued
in brief.'") (quoting Braxton v. Stewart, 539 So.2d 284, 286
(Ala.Civ.App. 1988)). Indeed, the plaintiffs have not argued their claims against the sheriff in his individual capacity at all. A failure to argue a claim on appeal constitutes an abandonment of that claim by the appellant. Tucker v.Cullman-Jefferson Counties Gas Dist., supra. Accordingly, we affirm the summary judgment for the sheriff in his individual capacity on all of the plaintiffs' claims.
State immunity immunizes the sheriff in his official capacity from liability for money damages. Parker v. Amerson, supra.
Therefore, we must affirm the summary judgment for the sheriff in his official capacity on all of the plaintiffs' claims insofar as the claims sought money damages.
The plaintiffs assert that State immunity does not immunize the sheriff from an injunction to compel the sheriff to perform a ministerial act. The plaintiffs further assert that the payment of compensation for overtime due the plaintiffs by law, equity, or contract is a ministerial act. Thus, the plaintiffs assert, State immunity does not immunize the sheriff from injunctive relief on the plaintiffs' claims for breach of contract and quantum meruit grounded on the nonpayment of compensation for overtime.
However, the law obliges the Commission to pay the plaintiffs' compensation from county funds and does not oblige the State or the sheriff to pay the plaintiffs' compensation from State funds. § 14-6-105, Ala. Code 1975. Moreover, the undisputed evidence establishes that the Commission does indeed pay the plaintiffs' compensation from county funds. Consequently, the plaintiffs failed to establish that payment of overtime compensation is a ministerial act the sheriff can be compelled to perform. Therefore, we affirm the summary judgment for the sheriff in his official capacity on the plaintiffs' claims for injunctive relief for breach of contract and quantum meruit grounded on the alleged nonpayment of compensation for overtime.
While arguably State immunity would not immunize the sheriff from an injunction compelling him to restore the plaintiffs' work shifts from 12 hours to 8 hours *Page 332 
each if the plaintiffs were to establish that the change from 8-hour shifts to 12-hour shifts constituted a breach of contract, "retaliation," or "discrimination," the plaintiffs have conceded in brief that the sheriff restored the shifts to 8-hour shifts in June 2002. (Appellants' Brief p. 35 n. 1.) Thus, to the extent the plaintiffs' claims for breach of contract, "retaliation," and "discrimination" grounded on the increase in the length of the plaintiffs' shifts sought injunctive relief, those claims are moot. Therefore, we must dismiss the appeal of the summary judgment for the sheriff in his official capacity on those claims insofar as those claims sought injunctive relief. See, MasonryArts, supra.
 Conclusion
We affirm the summary judgment for the sheriff in his individual capacity on all of the plaintiffs' claims. We affirm the summary judgment for the sheriff in his official capacity on all of the plaintiffs' claims insofar as they sought money damages. Further, we affirm the summary judgment for the sheriff in his official capacity on the plaintiffs' claims for injunctive relief for breach of contract and quantum meruit grounded on alleged nonpayment of overtime compensation. Finally, we dismiss as moot the plaintiffs' appeal insofar as it seeks review of the summary judgment for the sheriff in his official capacity on the plaintiffs' claims for injunctive relief for breach of contract, "retaliation," and "discrimination" grounded on the increase in shift hours.
AFFIRMED IN PART AND APPEAL DISMISSED IN PART.
HOUSTON, SEE, LYONS, HARWOOD, WOODALL, and STUART, JJ., concur.
[1] "The immunity available to the State and its officers in an action against the State is now referred to as `State immunity,'" rather than sovereign immunity. Lyons v. River Road Constr.,Inc., 858 So.2d 257, 259 n. 2 (Ala. 2003).
[2] Although the trial court certified the partial summary judgment entered for the Commission as a final judgment pursuant to Rule 54(b), the plaintiffs did not appeal the partial summary judgment entered for the Commission. Consequently, that partial summary judgment is not before us for review.