LYONS, Justice
(dissenting).
I join Justice Woodall’s dissent. I note further that Cornerstone and FTV state that “[e]vents occurring after the entry of the preliminary injunction have greatly reduced the threat of further irreparable harm to Cornerstone and FTV and provide them with an adequate remedy at law that was not available at the time the injunction was sought and entered.” Paragraph 6, Cornerstone and FTV’s motion to dissolve preliminary injunction and dismiss appeals. Cornerstone and FTV also point to the incomplete status of the factual record by reason of the brevity and short notice of the hearing in the trial court.
The Riley defendants opposed the motion, stating:
“This case is not moot because the issues in it are highly likely to recur, which almost certainly would put these same issues of great public importance involving the same parties right back *88 before this Court. The only interest that would be served by granting [Cornerstone and FTV’s] motion is delay. The need for a decision on these important questions compels the denial of the motion.”
Riley defendants’ opposition to appellees’ motion to dissolve preliminary injunction and dismiss appeals, at p. 1. However, a full hearing has been held on the issue addressed on the merits in the main opinion in Charles Baker et al. v. Walker County Bingo et al., Case No. 2007-0400, and an order was entered on October 26, 2009, concluding that electronic bingo constituted an illegal lottery and enjoining such operations. I assume that the parties against whom the injunction was issued will appeal that order to this Court in the event they consider such course of action to be in their best interest. If that occurs, we will have the issue before us on a full record. Moreover, this Court has recently granted expedited review in Sheriff Terry Surles & District Attorney Richard, Minor v. City of Ashville et al., Case No. 1080826, and State of Alabama v. City of Ashville et al., Case No. 1081015, also dealing with electronic bingo.
In sum, I find no merit in the Riley defendants’ opposition to the motion to dismiss.
This Court has recognized mootness in appeals from injunctions when subsequent proceedings eliminate the necessity of in-junctive relief. See Morrison v. Mullins, 275 Ala. 258, 259, 154 So.2d 16, 18 (1963) (an appeal will be dismissed as moot “if an event happening after hearing and decree in circuit court, but before appeal is taken, or pending appeal, makes determination of the appeal unnecessary or renders it clearly impossible for the appellate court to grant effectual relief....”). Under the facts here presented, determination of the appeal in this proceeding is unnecessary, and this appeal should be dismissed with instructions to the trial court to vacate the preliminary injunction, which has heretofore been stayed by order of this Court pending appeal.
The main opinion relies on City of Erie v. Pap’s A.M., 529 U.S. 277,120 S.Ct. 1382, 146 L.Ed.2d 265 (2000), in which the foundation for the contention of mootness was the prevailing party’s cessation of business. The main opinion states:
“Here, not only is Cornerstone ‘still incorporated,’ but it also has never stopped, and makes no offer to stop, operating in the challenged manner. Further still, the Riley defendants have made no commitment to refrain from any further seizure of machines from the [Cornerstone facility], and Cornerstone and FTV have made no commitment to not seek a preliminary injunction against such a seizure. Perhaps most importantly, like the United States Supreme Court in Erie, ‘[o]ur interest in preventing litigants from attempting to manipulate the Court’s jurisdiction to insulate a favorable decision from review further counsels against a finding of mootness here.’ ”
42 So.3d at 74. Unlike Erie, where the alleged basis for mootness was the prevailing party’s simply closing its establishment, here Cornerstone and FTV have confessed the availability of an adequate remedy at law that goes to the basis for the trial court’s entry of a preliminary injunction. Had the assertion of mootness prevailed in Erie, the establishment would have still had the favorable ruling from the trial court in place. Here, the concession by Cornerstone and FTV should lead to vacatur of the injunction, undoing the favorable ruling of the trial court. On the other hand, acceptance of the cessation of business as sufficient to moot the proceedings in Erie would have left the municipali *89 ty saddled with an adverse decision on the merits in the trial court. As to the absence of a commitment from the Riley defendants that they will not refrain from further seizures in the future, we should deal with that activity and any ensuing litigation when it properly comes before us. Manipulation of the Court’s jurisdiction by cessation of business in Ene is simply not comparable to the circumstances surrounding the instant proceeding.