BRYAN, Judge.
Larry Eugene Leeth and Edna Lee Washington Leeth appeal from a summary judgment entered in favor of J & J Properties (“J & J”). We affirm.
In 2005, the Leeths entered into a six-month lease agreement with J & J to rent an apartment (“the apartment”) owned by J & J. Upon the expiration of the six-month lease period, the Leeths began renting the apartment on a month-to-month basis. On August 26, 2009, J & J gave the Leeths 30 days’ written notice of the termination of their month-to-month tenancy. After the Leeths failed to vacate the apartment within 30 days, J & J filed an unlawful-detainer action in the Limestone District Court. The Leeths, acting pro se, filed a counterclaim alleging a retaliatory eviction. After a trial, the district court entered a judgment in favor of J & J on its unlawful-detainer claim and on the Leeths’ retaliatory-eviction counterclaim.
The Leeths appealed the district court’s judgment to the Limestone Circuit Court. The circuit court severed the unlawful-detainer claim from the Leeths’ retaliatory-eviction counterclaim; in substance, that counterclaim appeared to be brought under § 35-9A-501, Ala.Code 1975, which prohibits certain retaliatory conduct by landlords. Following a bench trial on the unlawful-detainer claim, the circuit court entered a judgment on that claim in favor of J & J. The Leeths filed amended counterclaims alleging “retaliatory eviction/gross negligence,” “noncompliance by [J & J],” “retaliation/discrimination,” “bad faith noncompliance and retaliation,” and “defamation of character.” J & J filed a motion for a summary judgment, which the circuit court granted following a hearing. After the denial of their postjudgment motion, the Leeths appealed to this court.
“In reviewing the disposition of a motion for summary judgment, ‘we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,’ Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988), and whether the movant was ‘entitled to a judgment as a matter of law.’ Wright v. Wright, 654 So.2d 542 (Ala.1995); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is ‘substantial’ if it is of ‘such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the *178 existence of the fact sought to be proved.’ Wright, 654 So.2d at 543 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala.1993); Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).”
Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala.1997).
On appeal, the Leeths first argue that the circuit court erred in entering a summary judgment on certain of their counterclaims because, the Leeths say, J & J failed to address those counterclaims in its summary-judgment motion. The Leeths stated several purported counterclaims; some of those counterclaims were not addressed in J & J’s summary-judgment motion. However, the Leeths did not object in their postjudgment motion to the entry of a summary judgment as to the counterclaims that were not addressed by J& J.
In Employees of the Montgomery County Sheriff’s Department v. Marshall, 893 So.2d 326 (Ala.2004), the plaintiffs sued Sheriff D.T. Marshall in both his official and his individual capacities. Sheriff Marshall moved for a summary judgment in his official capacity only. However, the trial court entered a summary judgment in favor of Sheriff Marshall in both his official capacity and his individual capacity. The plaintiffs then appealed to the supreme court. With respect to the summary judgment in favor of Sheriff Marshall in his individual capacity, the supreme court stated:
“Since the sheriffs motion did not challenge the plaintiffs’ claims against the sheriff in his individual capacity, the motion did not meet the initial burden of the sheriff in his individual capacity, that is, ‘ “the burden of production, i.e., the burden of making a prima facie showing that he is entitled to summary judgment.” ’ Ex parte General Motors Corp., 769 So.2d 903, 909 (Ala.1999) (quoting Berner v. Caldwell, 543 So.2d 686, 691 (Ala.1989) (Houston, J., concurring specially)). However, the record before us does not reveal whether the plaintiffs objected to the trial court in a timely postjudgment Rule 59(e), Ala. R. Civ. P., motion that the trial court erred in failing to limit the summary judgment to the claims against the sheriff in his official capacity, see Hatch v. Health-Mar, Inc., 686 So.2d 1132, 1132 (Ala.1996) (‘[I]t was error for the trial court to enter a summary judgment as to all of [the plaintiffs] claims, because one claim ... was not before the trial court on the summary judgment motion’), and Henson v. Mobile Infirmary Ass’n, 646 So.2d 559, 562 (Ala.1994) (‘[W]e observe at the outset that the trial court could not properly enter the summary judgment as to all of [the plaintiffs] claims. Counts one and two ... were not before the trial court on the [defendant’s] motion’). Such a Rule 59(e) motion would have been necessary to preserve such an objection for an appeal ‘because this issue [did] not involve a question of law that ha[d] been the subject of a previous objection and ruling. ’ McKenzie v. Killian, 887 So.2d 861, 865 (Ala.2004).”
893 So.2d at 330-31 (final emphasis added). Accordingly, in this case, because the Leeths did not object to the entry of the summary judgment on the counterclaims unaddressed by J & J in its summary-judgment motion, they did not preserve the issue of the propriety of that ruling for our review.
*179 In its summary-judgment motion, J & J did thoroughly address the Leeths’ retaliatory-eviction counterclaim brought under § 35-9A-501(a)(l), Ala.Code 1975. That section provides, in pertinent part:
“(a) Except as provided in this section, a landlord may not retaliate ... by bringing or threatening to bring an action for possession because:
“(1) the tenant has complained to a governmental agency charged with responsibility for enforcement of a building or housing code of a violation applicable to the premises materially affecting health and safety.”
In their retaliatory-eviction counterclaim, the Leeths alleged that the apartment had “toxic mold” and that a faulty ventilation system had allowed “cigarette and other secondhand smoke” from other apartments into the apartment; these allegations appear to be the purported “violations” under § 35-9A-501(a). In its summary-judgment motion, J & J asserted, among other things, that the Leeths could not establish that they had complained of any violation under § 35-9A-501(a)(l) to “a governmental agency charged with the responsibility for enforcement of a building or housing code.” J & J also asserted that the Leeths could not establish that J & J had any knowledge of the alleged complaints made by the Leeths to the appropriate governmental agencies.
The Leeths argue that the record on appeal contains substantial evidence demonstrating that they had complained of the alleged mold and the allegedly faulty ventilation system to the appropriate governmental agencies, pursuant to § 35-9A-501(a)(1). In support of their argument, the Leeths cite evidence in the record indicating that they complained about the condition of the apartment to the Better Business Bureau, the Office of the Attorney General, the mayor’s office of the City of Athens, and the “fire department.” [1]
The Better Business Bureau is not a “a governmental agency charged with responsibility for enforcement of a building or housing code”; therefore, the Leeths’ complaints to the Better Business Bureau are irrelevant in this case. The record contains some documentary evidence indicating that the Leeths complained to the Office of the Attorney General about the apartment after the eviction proceedings began. Obviously, those complaints filed after the eviction could not serve as the basis of a retaliatory eviction. However, Mrs. Leeth testified by deposition that she had also complained to the Office of the Attorney General before the eviction proceedings began. However, there is no evidence indicating that J & J had any knowledge of those alleged complaints made to the Office of the Attorney General. Clearly, J & J could not retaliate in response to a complaint of which it had no knowledge. Mrs. Leeth further testified by deposition that she had complained about the apartment to the mayor’s office before the eviction proceedings began. Mrs. Leeth also testified that she had informed J & J that she had complained to the mayor’s office. However, evidence indicating that Mrs. Leeth had simply complained to the may- or’s office is not sufficient evidence to demonstrate that she “complained to a governmental agency charged with responsibility for enforcement of a building or housing code.”
Mrs. Leeth also testified that she had complained to the fire department *180 about conditions in the apartment. However, the record does not indicate that J & J had knowledge of Mrs. Leeths’s alleged complaint to the fire department. Mrs. Leeth testified that she “was sure [the fire department] did a report because [employees of the fire department] talked to [J & J’s office manager].”[2] However, Mrs. Leeth’s statement that employees of the fire department spoke with J & J’s office manager does not indicate the substance of that alleged conversation; the content of that alleged conversation is unknown. “ ‘[EJvidence which affords nothing more than mere speculation, conjecture, or guess is wholly insufficient to warrant submission of the case to the jury.’ ” Turner v. Azalea Box Co., 508 So.2d 253, 254 (Ala.1987) (quoting Roberts v. Carroll, 377 So.2d 944, 946 (Ala.1979)). Therefore, the Leeths did not establish that J & J had knowledge of the alleged complaint to the fire department.
The evidence in the record indicates that the Leeths failed to satisfy the requirements of § 35-9A-501(a)(l). Therefore, the Leeths have failed to establish that the circuit court erred in entering a summary judgment regarding the retaliatory-eviction counterclaim brought under that section.
The Leeths also contend that alleged “damages to the Leethsf] health [are] for present and future damages.” It is unclear what argument for reversal the Leeths are attempting to make. The Leeths cite authority that appears to have no legal relevance to the stated issue. An appellate court will not “create legal arguments for a party based on undelineated general propositions unsupported by authority or argument.” Spradlin v. Spradlin, 601 So.2d 76, 79 (Ala.1992). Accordingly, we do not address this issue further.
The Leeths also argue that the circuit court erred because, they say, the circuit court continued the summary-judgment hearing without notifying them. The record indicates that the summary-judgment hearing took place on April 29, 2010, and that the Leeths had notice of that hearing. However, the Leeths, who were proceeding pro se, did not attend that hearing. The Leeths now mistakenly contend that the circuit court did not hold a hearing on April 29, 2010, that the circuit court rescheduled the summary-judgment hearing for a date after April 29, 2010, and that they were not notified of the new hearing date. However, the record simply does not support those allegations. Therefore, the Leeths’ argument fails.
Based on the foregoing, the circuit court’s summary judgment is affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, J., concur.
THOMAS, J., concurs in part and concurs in the result, with writing.
MOORE, J., concurs in the result, without writing.

. In their brief to this court, the Leeths also contend that they complained to the Alabama Department of Environmental Management, “the Bureau of Environmental Services,” and "the Air Quality Control Unit for the State and City of Athens.” However, the record contains no evidence of those alleged complaints.

. The record does not contain a copy of the alleged report.