MURDOCK, Justice
(concurring specially).
The primary issue we must confront in this case is whether the question that has been raised as to the plaintiffs ability to bring this action is one of “standing.” I agree with the trial court that it is not. As to this issue, the trial court released a lengthy opinion in support of the order that this Court declines to disturb today. There are portions of the trial court’s opinion with which I agree and that I find particularly well written and meritorious of publication in light of the confusion in recent years in our jurisprudence as to the issue of standing. I write separately to achieve that publication and to comment on the trial court’s conclusions.
The trial court first set out the pertinent facts and procedural history:
“On or about July 12, 2005, Roberto Estrada died from injuries suffered while working as a coal miner for Sunrise Coal Co., LLC, at the NEWCO # 1 mine in Jefferson County, Aabama. On or about April 25, 2007, Thomas G. Ward, Jr., petitioned the Probate Court of Blount County, Aabama to appoint an Administrator Ad Colligendum for the Estate of Roberto Estrada, deceased, pursuant to Ma.Code (1975) § 43-2-47, for the purpose of maintaining a wrongful death action on behalf of the Estate of Roberto Estrada, deceased .... Thereafter, on or about April 26, 2007, the Honorable David Standridge, Judge of Probate for Blount County, entered an Order Appointing Thomas G. Ward, Jr., Administrator Ad Colligendum for the Estate of Roberto Estrada, ordering Mr. Ward to preserve *799 and protect the assets of the Estate, and vesting him “with the actual authority to bring and maintain, for the entire course of his service, adversarial actions if necessary on behalf of the Estate.’....
“On or about July 6, 2007, Mr. Ward, in his capacity as Administrator of the Estate of Roberto Estrada, deceased, filed this action for the wrongful death of Mr. Estrada.... Thereafter, on or about August 14, 2007, more than two years after the death of Mr. Estrada, Plaintiff filed a ‘Supplemental and Additional Pleading’ joining Laura Estrada as party Plaintiff to this matter.... On or about August 31, 2010, Drummond Defendants filed a Motion for Summary Judgment, pursuant to Rule 56, Ala. R. Civ. P., arguing therein, that they were entitled to judgment as a matter of law.”
In their motion for a summary judgment, defendants Drummond Company, Inc., Kim A. Burke, and John Y. Jiang (hereinafter referred to collectively as “the Drummond defendants”) specifically argued that Ala.Code 1975, § 25-5-11, restricted a cause of action for wrongful death to “dependents” of the decedent. They argued that plaintiff Tom G. Ward, Jr., as administrator of the estate of Roberto Estrada, deceased, did not have “standing” to bring the claims described in his complaint, that the trial court therefore lacked jurisdiction over those claims, and that, in turn, the claims asserted by plaintiff Laura Estrada, a “dependent” of Roberto Estrada, could not relate back to the claims filed by Ward. Accordingly, the Drummond defendants contended, because Laura Estrada’s claims were filed more than two years after the death of the decedent, they were time-barred. Defendant Fairchild International, Inc., subsequently adopted the arguments of the Drummond defendants.
Section 25-5-11 specifically provides a cause of action to the dependents of a deceased employee covered by the Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975. As I stated in my special writing in Ex parte Tyson Foods, Inc., [Ms. 1110931, May 24, 2013] — So.3d - (Ala.2013):
“[0]ur precedents [applying § 25-5-11] appear to stand for the proposition that the right to bring an action against a third-party tortfeasor for the wrongful death of an employee who also is entitled to benefits under the Workers’ Compensation Act resides exclusively with the former dependents of the deceased employee.”
— So.3d at-(Murdock, J., concurring specially). I expressed some doubt as to this proposition, but noted that it had not been called into question by the parties in that case. Id. Neither has it been here.
If we accept the above-referenced “proposition” as our premise for deciding this case, it is clear that, at a minimum, Ward has no cause of action under Alabama law. The question is whether the concept of “standing” comes into play as well. It does not.
Our law — again, as I take it for purposes of these appellate proceedings — does not accept the legal theory that any party other than a dependent has a cause of action for the death of an employee covered by the Workers’ Compensation Act. In this regard, recent precedents of this Court have been clear: “whether [the plaintiff] has seized upon a legal theory our law accepts[ ] is a cause-of-action issue, not a standing issue”; “ ‘the two are conceptually distinct.’ ” Wyeth, Inc. v. Blue Cross & Blue Shield of Alabama, 42 So.3d 1216, 1220 (Ala.2010) (quoting Angleton v. Pierce, 574 F.Supp. 719, 726 (D.N.J.1983)). See also Steele v. Federal Nat’l Mortg. Ass’n, 69 So.3d 89, 91 n. 2 (Ala.2010) (citing Wyeth, 42 So.3d at 1220, for the propo *800 sition that the appellee has “confused standing with failure to state a claim”).
“The legal question of the cognizability of an alleged cause of action under state law goes to the merits of a lawsuit asserting that cause rather than the subject-matter jurisdiction of the court to decide that legal question. See, e.g., Wyeth, Inc. v. Blue Cross & Blue Shield of Alabama, 42 So.3d 1216, 1219 and 1220 (Ala.2010) (‘[O]ur courts too often have fallen into the trap of treating as an issue of “standing” that which is merely a failure to state a cognizable cause of action or legal theory, or a failure to satisfy the injury element of a cause of action’....); Steele v. Federal Nat’l Mortg. Ass’n, 69 So.3d 89, 91 n. 2 (Ala.2010) (citing Wyeth, 42 So.3d at 1220, for the proposition that the appel-lee has ‘confused standing with failure to state a claim’); Hamm v. Norfolk Southern Ry., 52 So.3d 484, 499 (Ala.2010) (Lyons, J., concurring specially) (urging this Court to think of standing in ‘justici-ability’ terms); Ex parte McKinney, 87 So.3d 502, 512-13 (Ala.2011) (Murdock, J., dissenting) (citing 13A Charles Alan Wright et al., Federal Practice & Procedure § 3531 (3d ed.2008), for the proposition that ‘[o]ur courts too often have treated as a matter of subject-matter jurisdiction that which does not go to the fundamental authority of the courts to decide a case,’ i.e., the fundamental authority of a court to decide both the legal and the factual issues presented by that case); see also Jerome A. Hoffman, The Malignant Mystique of ‘Standing’, 73 Ala. Lawyer 360 (2012).”
South Alabama Gas Dist. v. Knight, 138 So.3d 971, 979-80 (Ala.2013) (Murdock, J., concurring in the rationale in part and concurring in the result).
As the trial court in the present case well explained:
“To say the least, both the language of and conceptual notions concerning the ‘standing’ doctrine in Alabama jurisprudence have become muddled in relatively recent years. The evolution of the ‘standing’ concept in the corpus juris of the Alabama appellate courts ‘is an excellent illustration of the extent to which uncritical use of words bedevils the law.’
“ ‘A phrase begins life as a literary expression; its felicity leads to its lazy repetition; and repetition soon establishes it as a legal formula indiscriminately used to express different and sometimes contradictory ideas.’
“Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 68, 63 S.Ct. 444, 87 L.Ed. 610 (1943) (Frankfurter, J., concurring); see also O.W. Holmes, Law and Science. Science and Law, 12 Harv. L.Rev. 443, 455 (1899) (‘It is not the first use but the tiresome repetition of inadequate catch words upon which I am observing— phrases which originally were contributions, but which, by their very felicity, delay further analysis for fifty years. That comes from the same source as dislike of novelty, ... a slackening in the eternal pursuit of the more exact.’). The problem, it appears, is brought about — at least in part — by the Alabama appellate courts’ seemingly indiscriminate reliance upon the term ‘standing’ in a variety of contexts throughout the years where, quite frankly, it has no legitimate, healthy part to play. See, e.g., J. Hoffman, The Malignant Mystique of ‘Standing,’ THE ALABAMA LAWYER, Vol. 73, No. 5 at 363; see C. Wright, A. Miller, & E. Cooper, 13A FED. PRAC. & PROC. JURIS § 3531 (3d ed. 2008) (‘The question whether the law recognizes the cause of action stated by a plaintiff is frequently transformed into inappropriate standing terms.’)....
*801 “As Plaintiffs point out, however, ‘[c]onceptual labels carry real and considerable repercussions,’ Letter Brief, dated June 15, 2012, at p. 6, not the least of which being that, ‘[i]mpreeision in labeling a party’s inability to proceed as a standing problem unnecessarily expands the universe of cases lacking in subject-matter jurisdiction.’ Hamm v. Norfolk Southern Ry. Co., 52 So.3d 484, 499 (Ala.2010) (Lyons, J., concurring specially); Ex parte McKinney, 87 So.3d [502] at 512 [ (Ala.2011) ] (Murdock, J., dissenting) (‘Our courts too often have treated as a matter of subject-matter jurisdiction that which does not go to the fundamental authority of the courts to decide a case.’)- Such needless expansion was very recently criticized by the inimitable Professor Hoffman in an article appearing in THE ALABAMA LAWYER, Vol. 73, No. 5 361 (Sept. 2012), entitled, ‘The Malignant Mystique of “Standing ” ’:
“ ‘Lack of statutory authorization best supports analysis as the lack of a claim upon which relief can be granted, that is, a claim under Rule 12(b)(6), [Ala. R. Civ. P.,] not a claim over which the forum court lacks subject matter jurisdiction, that is, not a claim under Rule 12(b)(1). To invoke the word “standing,” with all of its federal constitutional law baggage, creates the risk that this public law proposition will spread to private law contexts where it never belongs, rendering the filing of ill-conceived but not irredeemable private law complaints not merely mistaken acts, reparable by amendment, but void acts, not reparable by amendment. The proposition is dangerous because, by the same kind of casual thinking, the word “standing” unnecessarily invoked in the proposition can be erroneously equated with “real party in interest” or “failure to state a claim.” This simple, though doctrinally unjustified, extension could swallow up Rule 12(b)(6), Rule 17[, Ala. R. Civ. P.,] and the whole law of amendments.’
[[Image here]]
“While the Court is mindful of the concern to observe the Constitutional limits of its judicial power, the undersigned is equally cautious of allowing the fascination and complexity of standing doctrine to lead this Court to improperly attempt to view and resolve questions of private rights through inappropriate invocation and application of distinctive public-law concepts; at least not under the facts and circumstances presented here. The short of the matter is that the concerns Defendants raise, respectively, in this case, simply do not involve matters that turn on the special justici-ability concerns surrounding public interest litigation; in as much, such concerns are, both legally and practically, more appropriately addressed [in private-rights actions] through the private-law concepts of cause-of-action, real-party-in-interest, capacity, intervention, and like notions. See, e.g., C. Wright, A. Miller & E. Cooper, 13A FED. PRAC. & PROC. JURIS. § 3531 (3d ed. 20008).”
(Emphasis added.)
I agree with the concerns expressed by the trial court and by Professor Hoffman, and with the concerns reflected in the writings of Professors Wright and Miller, regarding the invocation of the concept of standing in private-law cases. The issue before us is not properly viewed as one of standing and does not implicate the subject-matter jurisdiction of the court.
After concluding that the issue before it was not one of standing, the trial court considered whether the issue was one of the “capacity” of the original plaintiff or *802 whether the case should be governed by “real-party-in-interest” practice under Rule 17, Ala. R. Civ. P. The trial court rejected the capacity option with the following analysis:
“ ‘Capacity,’ properly considered, ‘is conceived of as a procedural issue dealing with the personal qualifications of a party to litigate and typically is determined without regard to the particular claim or defense being asserted,’ and ‘should not be confused with the question of whether a party has an enforceable right or interest or is the real party in interest.’ C. Wright & A. Miller, 6A FED. PRAC. & PROC, CIV. § 1559 (3d ed.2008); see, e.g., Board of Educ. of City of Peoria, School Dist. No. 150 v. Illinois Bd. of Educ., 810 F.2d 707, 710 (7th Cir.1987), cert. denied, 484 U.S. 829, 108 S.Ct. 99, 98 L.Ed.2d 60 (1987) (citing Wright & Miller, supra).”[1]
Having rejected “capacity” as the relevant issue, the trial court concluded that the issue presented in this case is a real-party-in-interest issue governed by Rule 17. I believe a serious question exists as to whether the challenge to Ward’s ability to bring his original action falls within the category of cases governed by Rule 17 rather than within the presumably larger group of cases governed simply by the defenses of failure to state a claim and the applicable statute of limitations. See June F. Entman, More Reasons for Abolishing Federal Rule of Civil Procedure 17(a): The Problem of the Proper Plaintiff and Insurance Subrogation, 68 N.C. L.Rev. 893, 897 (1990); 13A Charles Alan Wright et al., Federal Practice and Procedure § 3531 (3d ed.2008); see also Advisory Committee’s Notes to the 1966 Amendment to Rule 17, Fed.R.Civ.P. (noting the original and “modern” purposes of the rule that appear to contemplate the existence of a cause of action in the initial plaintiff). This question, however, is not properly before us. Instead, the mandamus petitions before us are necessarily based only on an argument that Ward lacked “standing” to file the only complaint that was filed in this action before the expiration of the statute of limitations. Because the trial court properly resolved that issue, I concur in the decision of this Court to deny the petitions.

. The section of Federal Practice and Procedure cited by the trial court explains that "[cjapacity has been defined as a party’s personal right to come into court.” That is, it is concerned with such matters as age and competence in the case of natural persons and with the grant of authority to sue and be sued in the case of public and private corporations. See also Ex parte Tyson Foods, Inc., - So.3d at - (Murdock, J., concurring specially).