BOLIN, Justice.
Melvin Hasting appeals from the trial court’s order dismissing his claim seeking injunctive relief against Christopher Roberts, individually and in his official capacity as the director of the Office of Indigent Defense Services (“OIDS”).
Facts and Procedural History
Section 41-4-321, Ala. Code 1975, created OIDS within the Department of Finance. OIDS is tasked with “developing] and improv[ing] programs to provide legal representation to indigents” in the State. § 41-4-322(a), Ala. Code 1975. OIDS has to have a director who is tasked with “developing] standards governing the provision of defense services,” which standards shall include “prescribing minimum experience, training, and other qualifications for appointed counsel [or] contract counsel.” § 41-4-322(c), Ala. Code 1975. Roberts was appointed director of OIDS in April 2015.
Section 15-12-4, Ala. Code 1975, provides for the establishment in each judicial circuit in the State of a voluntary indigent-defense advisory board (“the advisory board”). The advisory board shall consist of five members who are residents of the judicial circuit; those five members shall include the presiding circuit judge as the chair, the president of the local circuit bar association, and three attorneys who are selected by the bar commissioner for the circuit. § 15-12-4(b), Ala. Code 1975. The advisory board in each circuit is required by statute to determine the method for delivering indigent-defense services in the *392 circuit and shall certify its system to the Indigent Defense Review Panel (“the review panel”) on or before October 1 of each year. § 15-12-4(e), Ala. Code 1975; § 41-4-322(d), Ala. Code 1975. If the advisory board chooses to use a contract-counsel system for indigent defense, the advisory board “shall follow the procedures of the director for requesting and accepting applications or proposals for such, contracts and shall make a recommendation for contract counsel to the director.” § 15-12-26(b), Ala. Code 1975. The director may appeal the determination of the advisory board to the review panel, which “shall make a decision in a timely manner, which decision shall be deemed final.” § 15-12-4(e)(1), Ala. Code 1975. The review panel consists of five members who each serve a three-year term. Two members of the review panel are appointed by the president of the 'Alabama State Bar, one member is appointed by the president of the Alabama Circuit Judges Association, one member is appointed by the president of the District Judges Association, and one member is appointed by the president of the Alabama Lawyers Association. §. 41-4-324, Ala. Code 1975. ■
Por the fiscal years 2012-2013, 2013-2014, and 2014-2015, the advisory board in Cullman County chose the contract-counsel system as its method of providing indigent defense in that county and submitted recommendations to the director of OIDS of the attorneys it had determined should receive th'é contracts to provide the indigent defense. Hasting was one of the attorneys recommended by'the advisory-board to receive a felony indigent-defense contract for a shortened term in 2013 and for the fiscal years 2013-2014 and 2014-2015. OIDS accepted the advisory board’s recommendations and awarded Hasting an indigent-defense contract in each of those fiscal years.
For the fiscal year 2015-2016 the advisory board again determined that the contract-counsel system should be the method of providing indigent defense in Cullman County and submitted its recommendations to Roberts of the attorneys who should receive the indigent-defense contracts. The advisory board did not recommend Hasting as one of those attorneys who should receive an indigent-defense contract for fiscal year 2015-2016.
On September 1,- 2015, Hasting, sued Roberts, individually and in his official capacity, seeking certain injunctive and declaratory relief.[1] Hasting, alleged, among other things, that Roberts, as the director of OIDS, was required to develop. standards governing the provision of indigent-defense services in Cullman County and that Roberts had failed to develop those standards; that the advisory'board was in violation of the law because,' Hasting said, its membership was not composed as mandated by statute; that the advisory board operated without “guidelines and criteria” for how it chose contract counsel; and that the advisory board recommends giving indigent-defense contracts to attorneys who have obvious conflicts of interest, including members of the advisory board ■ themselves,.
Hasting sought a judgment ■ declaring that the advisory board in Cullman County was operating outside the confines of the applicable statutes; that Roberts was re *393 quired to dissolve the advisory board if he determined that its composition was unlawful; that Roberts was required to develop standards governing the provision of indigent-defense services in the circuits; that the advisory board was required to have procedures and criteria in place for recommending contract counsel given that the contract-counsel system was the ‘method chosen to provide indigent defense in Cullman County; and that the recommendations of the advisory board were not to be considered if it was determined that they were made unlawfully.
Hasting’s claim for injunctive relief sought to enjoin Roberts from accepting and approving the advisory board’s recommendations for the indigent-defense-service contracts for the fiscal year 2015-2016; from terminating preexisting indigent-defense contracts; and from implementing any indigent-defense method without first developing a procedures manual.
On September 9, 2015, the trial court entered an order setting Hasting’s request for a preliminary injunction for a hearing on October 1, 2015. On September 28, 2015, Roberts notified Judge Gregory Nicholas, the presiding judge of Cullman County and chair of the advisory'board, that it was his “intention pursuant to Alabama Code 11975,] Section 15—12—26[,] to not enter into any indigent defense service contracts” for the 2015-2016 fiscal year and that his decision was based on “pending litigation.” After Roberts notified Judge Nicholas of his intention not to enter into any indigent-defense contracts, indigent defense in Cullman County was provided by the appointment method. On September 29, 2015, both Hasting and Roberts jointly moved the trial court to cancel the hearing scheduled for October 1, 2015, on Hasting’s request for a preliminary injunction, stating that “both parties agree that said hearing is unnecessary at this time.”
In October 2015,- Roberts appealed to the review panel the advisory board’s recommendations for the 2015-2016. fiscal year. Roberts stated the-following as the basis for his appeal to the review panel:
“1. Currently two civil litigations have been commenced ■ and are pending regarding the composition, procedure, meetings and actions of the Indigent Advisory Board in the 32nd Judicial Circuit. .....
“2. Each action alleges inappropriate composition, procedure, meetings and actions on the part of the Indigent Defense Advisory Board for the 32nd Judicial Circuit.
“3. Of particular note, Alabama .Code .[1975,] Section 15—12—4[,] establishes the composition,, meetings, powers and duties of the Indigent Advisory Board. The code section sets forth that the presiding circuit judge shall serve as chair of the committee with members of said committee to include the local bar association president and three members.selected by the bar commissioner for that circuit.
“4. For the 32nd Judicial Circuit, the Presiding Judge, Gregory Nicholas, re-cused himself from- all board activities due to a potential conflict of interest. Further, it appears two members of the 2015 advisory board received contracts pursuant to the board’s actions. Information has also been provided that the local bar president did not .participate in the meeting and actions of the indigent defense advisory board. Thus, there exists a material issue as to whether the Indigent Defense Advisory Board meets the statutory requirements of Alabama Code [1975,] Section 41-4-322(d).”
On October 29, 2015, members of the advisory board filed with the review panel a *394 ■response to Roberts’s appeal and/or a cross-appeal from Roberts’s decision to not follow the recommendations of the advisory board for the 2015-2016 fiscal year and to appeal those recommendations to the review panel. In their filing, the members of the advisory board denied the allegations contained in Roberts’s appeal to the review panel and requested that his appeal be denied and that the review panel reverse Roberts’s decision not to approve the advisory board’s recommendations.
While Roberts’s appeal and the advisory board’s cross-appeal were pending, OIDS promulgated rules and standards relative to the establishment' of the eontraet-coun-sel system of indigent defense, which became effective on January 4, 2016. On January 8, 2016, the review panel, following a hearing, entered an order denying Roberts’s appeal, stating, in part:
“After review of the evidence and testimony provided, it is the unanimous determination of the Panel that the process used by the local board of the 32nd Judicial Circuit' (Cullman County) in selecting the method of local delivery of services and in selecting the attorneys to whom contracts were awarded was exemplary. Therefore, the appeal of the Director is denied and the cross-appeal of the 32nd Judicial Circuit (Cullman County) local indigent defense advisory board as it relates to the reinstatement of the contract system is granted and should be reinstated immediately.”
Pursuant to the review panel’s final decision and subsequent to the rules and standards applicable tó the contract-counsel system becoming effective, the contract-counsel' system was reinstated in Cullman County in January 2016, and OIDS entered into indigent-defense contracts with the attorneys previously recommended by the advisory board for the 2015-2016 fiscal year.
On January 11, 2016, Hasting moved the trial court to reset the hearing on his request for a preliminary injunction that had been previously canceled' upon the joint motion of Hasting and Roberts following Roberts’s decision not to enter into indigent-defense contracts. The trial court granted the motion to reset the hearing for March 15, 2016. Hasting argued at the hearing that the indigent-defense contracts entered into in January 2016 were based on the recommendations made by the advisory board in October 2015, while, Hasting says, the advisory board was acting in contravention of the statute and without rules and standards in place relative to the establishment of the contract-counsel system of indigent defense. Roberts argued that Hasting had failed to show any irreparable harm because the indigent-defense contracts are entered into on a year-by-year basis, and there is no guarantee that an attorney who had received a contract in the prior year would receive one. Roberts also contended that the issue was moot because the contracts had been entered into and were then being paid.
On March 15, 2016, the trial court entered an order dismissing Hasting’s claim seeking to enjoin Roberts from approving the contract recommendations of the advisory board. On March 21, 2016, the trial court entered an order, pursuant to Rule 54(b), Ala. R. Civ. P., certifying as final its order dismissing Hasting’s claim for in-junctive relief. Hasting appeals. For the reasons stated, we dismiss the appeal.
Discussion
In South Alabama Gas District v. Knight, 138 So.3d 971, 974-76 (Ala. 2013), this Court stated:
“When an action becomes moot during its pendency, the court lacks power to further adjudicate the matter.
“ ‘ “The test for mootness is commonly stated as whether the court’s action *395 on the merits would affect the rights of the parties.” Crawford v. State, 153 S.W.3d 497, 501 (Tex. App. 2004) (citing VE Corp. v. Ernst & Young, 860 S.W.2d 83, 84 (Tex. 1993)). “A case becomes moot if at any stage there ceases to be an actual controversy between the parties.” Id. (citing National Collegiate Athletic Ass’n v. Jones, 1 S.W.3d 83, 86 (Tex. 1999)).’
“Chapman v. Gooden, 974 So.2d 972, 983 (Ala. 2007) (first emphasis, added). See also Steffel v. Thompson, 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) (‘[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.’).
[[Image here]]
“Events occurring subsequent to the entry or denial of an injunction in the trial court may properly be considered by this Court to determine whether a cause, justiciable at the time the injunction order is entered, has been rendered moot on appeal. ‘[I]t is the duty of an appellate court to consider lack of subject matter jurisdiction....’ Ex parte Smith, 438 So.2d 766, 768 (Ala. 1983). ‘[Jjusticiability is jurisdictional.’ Ex parte State ex rel. James, 711 So.2d 952, 960 n. 2 (Ala. 1998). A justiciable controversy is one that ‘is definite and concrete, touching the legal relations of the parties in adverse legal interest, and it must be a real and substantial controversy admitting of specific relief through a decree.’ Copeland v. Jefferson Cnty., 284 Ala. 558, 561, 226 So.2d 385, 387 (1969). A case lacking ripeness has yet to come into existence; a moot case has died. Between the two lies the realm of justiciability.- : See 13B Charles Alan Wright et al., Federal Practice and Procedure § 3533 (3d ed. 2008) (‘It is not enough that the initial requirements of standing and ripeness have been satisfied; ' the suit must remain alive throughout the course of litigation, to the moment of final appellate disposition.’).”
(Footnotes omitted.)
Hasting received an indigent-defense contract for a shortened term in 2013 and contracts for the fiscal years 2013-2014 and 2014-2015. The advisory board again determined that for the 2015-2016 fiscal year the contract-counsel system should be. the method of providing indigent defense in Cullman County and submitted to Roberts its recommendations of the attorneys to receive those indigent-defense contracts. Hasting was not on the recommended list to receive an indigent-defense contract for the fiscal year 2015-2016. Hasting then sued Roberts seeking to enjoin him from accepting and approving the advisory board’s recommendations for the indigent-defense-service contracts for the fiscal year 2015-2016. Based on the pending litigation and the allegations that the advisory board had acted outside the confines of the statute, Roberts chose not to accept the recommendations of the advisory board and appealed those recommendations to the review panel. Following a hearing, the review panel determined that the process used by the advisory board in selecting the method of local delivery of indigent services and in selecting the attorneys to whom contracts were awarded was “exemplary.” The review panel also ordered that the contract-counsel system be reinstated immediately for the 2015-2016 fiscal year. In January 2016, Roberts entered into the indigent-defense-contracts for the 2015-2016 fiscal year that had been recommended by the advisory board. Those indigent-defense contracts had expired at the beginning of the new fiscal year on October 1, 2016, because the statute requires the advisory board to make a new'recommendation to the director regarding the method of indigent defense *396 each year on or before October 1. § 15—12— 4(e), Ala. Code 1975; § 41-4-322(d), Ala. Code 1975. Because a new fiscal year— 2016-2017—began on October 1, 2016, Hasting’s claim seeking to enjoin Roberts from accepting and approving the advisory board’s recommendations for the indigent-defense-service contracts for the fiscal year 2015-2016 is now moot, and'there is' no longer an actual controversy to be decided by this Court. Because there is' no longer a justiciable issue before this Court; the Court lacks subject-matter jurisdiction, arid the appeal must be dismissed. Knight, supra.
APPEAL DISMISSED;
Stuart, Murdock, Main, and . Bryan, JJ., concur.

. On September 11, 2015, a second action filed by. another attorney arising from the advisory board's recommendation of contract counsel in Cullman County for the fiscal year . 2015-2016 was filed against Roberts and the members of the advisory board. That action asserted both tort claims and claims for in-junctive and' declaratoiy relief. That second action' was subsequently consolidated with Hasting’s action, but it is not the subject of this appeal. :