Rel: April 11, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

### CL-2024-0529

_____

### Alabama Medical Cannabis Commission

### v.

### Jemmstone Alabama, LLC, Insa Alabama, LLC, Bragg Canna of Alabama, LLC, and Alabama Always, LLC

### Appeal from Montgomery Circuit Court
### (CV-23-901800)

PER CURIAM.

This appeal arises from a temporary restraining order ("TRO") that was entered in one of numerous civil actions pending in the Montgomery Circuit Court ("the circuit court") arising out of licensing proceedings conducted in 2023 by the Alabama Medical Cannabis Commission ("the

AMCC"). Currently before this court is a motion to dismiss filed by Jemmstone Alabama, LLC ("Jemmstone"), one of the named appellees in the case. For the reasons stated herein, although we deny the motion to dismiss, we nevertheless dismiss the appeal ex mero motu.

Much of the procedural background has been summarized by this court in our earlier decision regarding the AMCC's petition for a writ of mandamus directed to the circuit court, Ex parte Alabama Medical Cannabis Commission, [Ms. CL-2024-0463, Oct. 4, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024) ("Ex parte AMCC"). Briefly stated, Jemmstone, which had unsuccessfully applied to the AMCC for the issuance of an "integrated-facility" medical-cannabis license, initiated a civil action (Case No. CV-23-901800, hereinafter "the underlying action") on December 27, 2023, in the circuit court against the AMCC; citing Ala. Code 1975, § 41-22-10, as authority, Jemmstone sought relief in the form of a judgment determining that the AMCC's integrated-facility license determinations were void and an injunction barring any actions to enforce those determinations. A TRO was entered on January 3, 2024, by the circuit court in a related, but separate, civil action (Case No. CV-23-231) brought by Alabama Always, LLC, another aggrieved integrated-

facility medical-cannabis applicant, in which that court purported to prevent the AMCC from, among other things, issuing any integrated-facility medical-cannabis licenses. The text of that TRO indicated the view of the circuit court that that TRO also "[r]elate[d] to" the underlying action.

Despite the reference to the underlying action in the body of the January 3, 2024, TRO entered in Case No. CV-23-231, this court concluded, in an order dismissing a separate appeal taken by Trulieve AL, Inc., ("Trulieve"), a would-be intervenor in the underlying action, that "that reference was not sufficient to qualify as an entry of the [January 3, 2024,] TRO in [the underlying action] under Rule 58(c), Ala. R. Civ. P." Trulieve AL, Inc. v. Jemmstone Alabama, LLC (No. CL-2024-0038, Aug. 23, 2024) (citing Ex parte Peake, 357 So. 3d 1192, 1196-97 (Ala. Civ. App. 2021)); accord Ex parte AMCC, ___ So. 3d at ___. Moreover, this court concluded that the January 3, 2024, TRO in Case No. CV-23-231 was a "void order[] arising from an action that is barred by the doctrine of sovereign immunity" and further ordered that that case be dismissed. Ex parte Alabama Med. Cannabis Comm'n, [Ms. CL-2024-0073, Jun. 21, 2024] ___ So. 3d ___, ___ (Ala. Civ. App. 2024).

At the request of Jemmstone, the circuit court, on June 25, 2024, directed its clerk to enter in the underlying action the January 3, 2024, TRO, and the clerk did so, pursuant to Rule 58(c), Ala. R. Civ. P., on June 26, 2024. On July 9, 2024, a notice of appeal from that TRO was filed in the underlying action, which notice listed the AMCC as the sole appellant and listed Jemmstone, along with Insa Alabama, LLC, Bragg Canna of Alabama, LLC, and Alabama Always, LLC, as appellees; on July 10, 2024, Trulieve also filed a notice of appeal from the TRO (which appeal has been assigned Appeal No. CL-2024-0535, an appeal that had been formerly consolidated with this appeal).

On December 19, 2024, Jemmstone filed a motion seeking, among other things, dismissal of the AMCC's appeal. Jemmstone averred, in support of its position that this appeal should be dismissed, that this court's decision in Ex parte AMCC, in which we opined that the AMCC was not a proper party defendant in the underlying action, rendered this appeal moot. The AMCC and Trulieve have filed responses to Jemmstone's motion that, in pertinent part, dispute Jemmstone's mootness argument.

4

Although Ex parte AMCC is indeed dispositive, it is not for the reason Jemmstone asserts in its motion; rather, that opinion made clear that, based upon the doctrine of sovereign immunity as enshrined in Section 14 of the Alabama Constitution of 2022, "the circuit court lacked the power to issue an injunction against the AMCC in [the underlying] action, and, to the extent that the TRO purports to enjoin the AMCC, the TRO is void." ___ So. 3d at ___ (emphasis added). Because the claims against the AMCC in the underlying action are based solely on Ala. Code 1975, § 41-22-10, a statute that (as Ex parte AMCC makes clear) cannot abrogate the constitutional immunity of state agencies, the circuit court likewise did not have the jurisdiction to enter the TRO against the AMCC in the underlying action on June 26, 2024.

The voidness of the TRO as to the AMCC defeats absolutely the appellate jurisdiction of this court as to this appeal: " '[A]n appellate court must dismiss an attempted appeal from ... a void judgment.' " Redbud Remedies, LLC v. Alabama Med. Cannabis Comm'n, [Ms. CL-2023-0352, Mar. 29, 2024] ___ So. 3d ___, ___ (Ala. Civ. App. 2024) (emphasis added) (quoting Vann v. Cook, 989 So. 2d 556, 559 (Ala. Civ. App. 2008)). Stated another way, if "a moot case" is one that "has died" before it can be

decided, see South Alabama Gas District v. Knight, 138 So. 3d 971, 975 (Ala. 2013), an appeal such as this one, which is predicated upon a void order, has never truly come into being.

Based upon the foregoing facts and authorities, the appeal is dismissed ex mero motu as having been taken from a void order. Our conclusion necessitates that we deny the motion filed by the AMCC on February 11, 2025, seeking substitution, in lieu of the AMCC, of the AMCC's members as appellants, despite their not having been named as appealing parties. See Rule 3(c), Ala. R. App. P. ("The notice of appeal shall specify all parties taking the appeal and each adverse party against whom the appeal is taken" (emphasis added)); Committee Comment to Amendment to Rule 3(c) Effective January 1, 2017 ("The amendment requires that the notice of appeal specify by name all appellants … and is designed to eliminate any confusion as to the actual participants to the appeal …."); see also Alabama Plating Tech., LLC v. Georgia Plating Tech., LLC, [Ms. SC-2023-0250, Jun. 21, 2024] ___ So. 3d ___, ___ n.5 (Ala. 2024) (holding that, under Rule 3(c), as amended, issue regarding propriety of portion of judgment favorable to party not named in parties'

notices of appeal could not properly be decided by appellate court). Jemmstone's motion to dismiss is denied.

MOTIONS DENIED; APPEAL DISMISSED.

All the judges concur.